UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILLIAM SCOTT DAVIS,

                Plaintiff,

        -against-

DR. AVA TAYLOR PHD, *et al.*,

                Defendants.

20-CV-4610 (LLS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

---

LOUIS L. STANTON, United States District Judge:

Plaintiff, currently incarcerated at the Administrative U.S. Penitentiary in Thomson, Illinois, brings this action *pro se*. Plaintiff requests to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). Plaintiff is barred, however, from filing any new action IFP while a prisoner.[1] *See Davis v. State of North Carolina*, No. 2:16-CV-0549 (E.D. Va. Oct. 4, 2016) (finding that Plaintiff had filed three actions while a prisoner that were dismissed for failure to state a claim).[2] That order relied on 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] This Court previously found that Plaintiff was barred under 28 U.S.C. § 1915(g). *See Davis v. Agustos-Ferguson*, ECF 1:17-CV-0064, 2 (S.D.N.Y. Jan. 9, 2017).

[2] The district court dismissed the 16-CV-0549 action for failure to state a claim. The three prior cases dismissed for failure to state a claim included: *Davis v. Unknown*, No. 2:16-CV-0548 (E.D. Va. Oct. 4, 2016); *Davis v. Scott*, 2:11-CV-0516 (E.D. Va. Sept. 29, 2011) (noting that Plaintiff had filed 22 other actions in the Eastern District of Virginia related to his losing custody of his child in 2007); *Davis v. North Carolina*, No. 2:11-CV-0500 (E.D. Va. Sept. 26, 2011).

Although Plaintiff has filed this new action seeking IFP status, his complaint does not show that he is in imminent danger of serious physical injury.[3] Instead, Plaintiff asserts that this action

> stems from an Artical [sic] 81 Proceeding in this court in the matter of Georgia Bell Taylor 2013 of 2014. . . . defendant Rhonda Ferguson-Augustus is plaintiff[']s 1' cousin, who brough[t] the Artical [sic] 81 proceeding via one of her old boyfriends Attorney Richard Doe. . . . defendant Ava Bell Taylor is plaintiff 1' cousin whom conspired with New York mental Hygen [sic] White Plains Hospital.

(ECF No. 2, at 1.) Plaintiff claims that Defendants conspired to defraud him and deny him freedom to associate with his aunt and that they interfered with his alleged inheritance.[4]

As Plaintiff's claims do not suggest that Plaintiff is in imminent danger of serious physical injury, he is barred from filing this action IFP.[5]

---

[3] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[4] Plaintiff previously raised a claim related to his inheritance. *See Davis*, No. 2:11-CV-0516, 2 (E.D. Va.) ("Plaintiff's Complaint is a jumble of family history beginning in 1923. From the caption of the case it is clear that this action involves alleged identity theft and alleged interference with Plaintiff's inheritance.").

[5] In the complaint, Plaintiff requests the appointment of a *guardian ad litem*. The complaint does not suggest that Plaintiff is incompetent to proceed on his own behalf, nor does the Court possess any evidence indicating that Plaintiff is incompetent. The Court therefore concludes that the action may proceed without considering whether Fed. R. Civ. P. 17(c) applies. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003) ("If a court were presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court received verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent, it likely would be an abuse of the court's discretion not to consider whether Rule 17(c) applied."). Plaintiff's prior attempt to seek the appointment of a *guardian ad litem* in the Eastern District of Virginia was unsuccessful. *See Davis*, No. 2:16-CV-0549 (ECF No. 18) (finding that Plaintiff failed to support his argument that he was entitled to appointment of a *guardian ad litem*).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court denies Plaintiff's request to proceed IFP (ECF No. 1), and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[6] Plaintiff remains barred from filing any future action IFP while in custody, unless he is under imminent threat of serious physical injury.[7] *Id.*

SO ORDERED.

Dated: July 8, 2020
       New York, New York

　　　　　　　　　　　　　　　　　　　　　*Louis L. Stanton*
　　　　　　　　　　　　　　　　　　　　　Louis L. Stanton
　　　　　　　　　　　　　　　　　　　　　U.S.D.J.

---

[6] Plaintiff may commence a new action by paying the filing fee. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[7] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).