UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM SCOTT DAVIS,

                Plaintiff,

-against-

DR. AVA TAYLOR, PHD, *et al.*,

                Defendants.

20-CV-4610 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

      By order dated July 8, 2020, the Court dismissed this action under 28 U.S.C. § 1915(g). (ECF 3.) Since the dismissal, Plaintiff has filed six motions to reopen this action, challenging the finding that he is barred under § 1915(g). (ECF 6-8, 10-12.) He also filed a notice of appeal. (ECF 9.) Because Plaintiff timely filed three of the postconviction motions[1] before he filed the notice of appeal, the Court has jurisdiction to consider these motions.[2] The Court grants

---

[1] The motions are brought under Fed. R. Civ. P. 52, Fed. R. Civ. P. 59(e), and Fed. R. Civ. P. 60(b).

[2] Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Under the Federal Rules of Appellate Procedure, however, "[i]f a party files in the district court [certain] motions under the Federal Rules of Civil Procedure--and does so within the time allowed by those rules--the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." Fed. R. App. P. 4(A). For motions brought under Rules 52(b), Rules 59(e) and 60(b), a party must file each of those motions within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(ii), (iv), (vi); Fed. R. Civ. P. 52(b) (A Rule 52(b) motion must be filed in a district court within 28 days of the entry of the judgment); Fed. R. Civ. P. 59(e) (same as to Rule 59(e) motion).

      Plaintiff's civil judgment was entered on July 8, 2020, and he filed his 52, 59(e) and 60(b) motions on August 4, 2020. Accordingly, the Court has jurisdiction to consider these motions under the Federal Rules of Appellate Procedure.

Plaintiff's motions for reconsideration (ECF 6-7) and vacates its order of dismissal and civil judgment (ECF 3-4). The Court denies Plaintiff's Rule 52(b) motion. (ECF 8.)

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

The Court grants Plaintiff's motions for reconsideration (ECF 6-7), and directs the Clerk of Court to (1) vacate the order of dismissal and the civil judgment (ECF 3-4) and (2) reopen this action. The Court denies Plaintiff's Rule 52(b) motion. (ECF 8.)

The Clerk of Court is further directed to deliver a copy of this order to the Clerk of the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 4, 2021
        New York, New York

                                              COLLEEN McMAHON
                                       Chief United States District Judge