UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM SCOTT DAVIS,

                              Plaintiff,

            -against-

DR. AVA TAYLOR PHD; RHONDA
FERGUSON-AGUSTUS; NEW YORK STATE
MENTAL HYGIENE ATTORNEY JANE
DOE'S; WHITE PLAINS HOSPITAL SOCIAL
WORKER JANE DOE; ATTORNEY
RICHARD DOE,

                              Defendants.

20-CV-4610 (LTS)

ORDER TO SHOW CAUSE

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is proceeding *pro se* and is currently in the custody of the U.S. Bureau of

Prisons at FCI Beckley, in Beaver, West Virginia, following his conviction in *United States v.*

*Davis*, No. 14-CR-0240 (E.D.N.C. Mar. 29, 2018), brings this action under 42 U.S.C. § 1983,

asserting claims that allegedly arose at the White Plains Hospital in White Plains, New York.[1]

        For the reasons set forth in this order, the Court directs Plaintiff to show cause, within 30

days of the date of this order, why the Court should not issue an order recognizing that Plaintiff

is barred under Section 1915(g). The Court also denies Plaintiff's request for a guardian *ad litem*.

## BACKGROUND

A.      **Procedural History**

        By order dated July 8, 2020, then-Chief Judge McMahon dismissed this action under 28

U.S.C. § 1915(g) based on *Davis v. State of North Carolina*, No. 16-CV-0549 (E.D. Va. Oct. 4,

2016), an Eastern District of Virginia decision recognizing that Plaintiff was barred under

---

[1] Plaintiff was arrested and detained on the federal charges on October 27, 2014, and has
remained in custody since that date. *See Davis*, No. 14-CV-0240 (ECF 15).

Section 1915(g) because he had filed three actions while a prisoner that were dismissed for failure to state a claim. The Eastern District of Virginia determined that the following three cases qualified as so-called strikes under Section 1915(g):

(1) *Davis v. Unknown*, No. 2:16-CV-0548 (E.D. Va. Oct. 4, 2016) ("Strike 3");

(2) *Davis v. Scott*, No. 2:11-CV-0516 (E.D. Va. Sept. 29, 2011) ("Strike 2"); and

(3) *Davis v. North Carolina*, No. 2:11-CV-0500 (E.D. Va. Sept. 26, 2011) ("Strike 1").

After Judge McMahon dismissed this action under Section 1915(g), Plaintiff filed six motions, two of which were motions for reconsideration, and a notice of appeal. On January 4, 2021, Judge McMahon granted the two motions for reconsideration (ECF 6-7) and vacated the order of dismissal and civil judgment (ECF 3-4). Judge McMahon also denied Plaintiff's Rule 52(b) motion. (ECF 8.) By mandate dated August 23, 2021, the United States Court of Appeals for the Second Circuit determined *sua sponte* that it lacked jurisdiction over Plaintiff's appeal. (ECF 21.)

After the Court of Appeals issued its mandate, the action was reassigned to Judge Louis L. Stanton. In light of Plaintiff's suggestion that he was not barred under Section 1915(g), (*see* ECF 22), Judge Stanton, in an August 25, 2021, order, provided Plaintiff with the opportunity to show cause why this action should not be dismissed under Section 1915(g). In response, Plaintiff filed a declaration on October 13, 2021, which stated that at the time he filed this action he was incompetent, and that he currently is incompetent. (ECF 24.) He also filed an interlocutory appeal on September 28, 2021.

The Court of Appeals dismissed the appeal on January 25, 2022, and on May 5, 2022, the action was reassigned to the undersigned.

B.    **Competency**

On January 30, 2015, in Plaintiff's criminal proceedings in the Eastern District of North

Carolina, Plaintiff's counsel moved, pursuant to 18 U.S.C. § 4241, for a determination of

Plaintiff's mental capacity to stand trial. *Davis*, No. 14-CR-0240 (ECF 23). By order dated

February 3, 2016, the trial court found that Plaintiff was, at that time:

> suffering from a mental disease or defect rendering him mentally incompetent to
> the extent that he is unable to understand the nature and consequences of the
> proceedings against him or to assist properly in his defense.

*Id.* (ECF 267). The trial court ordered that Plaintiff be "committed to the custody of the Attorney

General for hospitalization for treatment[.]" *Id.*

Sixteen months later, on June 5, 2017, the trial court determined that Plaintiff was

competent to stand trial. *Id.* (ECF 601). On November 20, 2017, after the trial court confirmed

that Plaintiff was still competent, Plaintiff pleaded not guilty. *Id.* (ECF 736). The following

month, on December 13, 2017, a jury found Plaintiff guilty of cyberstalking and sending

threatening communications, *id.* (ECF 805), and on March 22, 2018, the trial court sentenced

Plaintiff to a total term of 144 months' incarceration, *id.* (ECF 903). Plaintiff filed several

motions and appeals, challenging his conviction. *See id. generally*. Most recently, on April 14,

2022, the trial court denied Plaintiff's motion brought under 28 U.S.C. § 2255 because he failed

to "allege[ ] any facts to support his conclusory allegations." *Id.* (ECF 1080, at 2.).

The record before this Court does not suggest that Plaintiff was incompetent at any time

other than the period established in his criminal proceeding, that is, from January 30, 2015, to

June 5, 2017.

C.    **Prior Strikes**

Plaintiff now argues that the bar order issued in *Davis v. State of North Carolina*, No. 16-

CV-0549 (E.D. Va. Oct. 4, 2016) does not apply because he is incompetent. By attaching the

3

Eastern District of North Carolina's February 3, 2016, order finding him incompetent to stand trial to his complaint, he also suggests that he was incompetent at the time he accrued Strike 3, and at the time the Eastern District of Virginia determined he was barred under Section 1915(g). Moreover, in prior filings, he has suggested that, at the time he accrued Strike 3, he was incompetent. (*See* ECF 15) (motion requesting appointment of guardian *ad litem* that referenced criminal proceeding in the Eastern District of North Carolina where the trial court found him incompetent to stand trial).

In light of this argument, the Court construes these allegations as asserting that Plaintiff was unable to challenge the October 4, 2016, order finding that he was barred because he was incompetent at that time.

### D.      Plaintiff Is Barred under Section 1915(g)

For the purposes of this order, the Court assumes that Plaintiff was incompetent from January 30, 2015, the date his lawyer moved for an evaluation of Plaintiff's competency, until June 5, 2017, when the trial court found Plaintiff to be competent to stand trial. For that reason, the Court concludes that Strike 3 should not be counted as a strike because that action was decided on October 4, 2016, during the period of Plaintiff's incompetency. *See Davis*, No. 16-CV-0549 (E.D. Va. Oct. 4, 2016).

Nevertheless, at this point, the Court conducts its own independent review of the public record, *see Escalera v. Samaritan Village*, 938 F.3d 380, 382-84 (2d Cir. 2019) (suggesting that courts should conduct its own independent review of dismissals counted as strikes), and finds that Plaintiff is barred under Section 1915(g). Even disregarding the strikes accrued during Plaintiff's period of incompetency, Plaintiff accumulated more than three strikes before and after

the period covered by the incompetency determination. These strikes include Strikes 1 and 2 referenced above and accrued in 2011, as well as:

> (1) *Davis v. Manning*, No. 18-MC-0088 (E.D.N.C. Dec. 4, 2018) (dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)) ("Strike 4");
>
> (2) *Davis v. Durham*, No. 11-CV-0036 (E.D.N.C. May 3, 2011) (dismissed as frivolous and for failure to state a claim) ("Strike 5").

Accordingly, the Court concludes that Plaintiff is barred under Section 1915(g) based on Strikes 1, 2, 4, and 5.

**E.      Order to Show Cause**

In the August 25, 2021, order, Judge Stanton provided Plaintiff with the opportunity to show cause that he was not barred under Section 1915(g) based on Strikes 1-3. In his October 13, 2021, declaration, Plaintiff did not state any facts suggesting that the dismissals did not qualify as strikes. The Court therefore finds that Strikes 1 and 2 qualify as strikes under Section 1915(g).[2]

Because Plaintiff has not been provided an opportunity to challenge Strikes 4 and 5, the Court directs Plaintiff to show cause why an order under Section 1915(g) should not issue from this Court, based on the strikes 1, 2, 4, and 5.

**F.      Appointment of Guardian *Ad Litem***

Plaintiff states that he is now incompetent and requests appointment of a guardian *ad litem*. The Court concludes that the record at this time does not suggest that a determination of his competency is necessary or that a guardian *ad litem* should be appointed.

---

[2] As noted above, the Court does not designate Strike 3 as a strike under Section 1915(g) because the case was dismissed during Plaintiff's incompetency.

Under Rule 17(c) of the Federal Rules of Civil Procedure, a district "court must appoint a guardian *ad litem* – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." *Id.* This federal rule of civil procedure

> does not require a district court to make a *sua sponte* determination of competency whenever a question exists regarding a plaintiff's mental competence; instead, the duty to appoint a guardian *ad litem* is triggered by 'actual documentation or testimony' of the pro se litigant's mental incompetency.

*Lewis v. Newburgh Hous. Auth.*, 692 Fed. Appx. 673, 674 (quoting *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 n.4 (2d Cir. 2003)).

> Courts rather must consider

> evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court received verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent, it likely would be an abuse of the court's discretion not to consider whether Rule 17(c) applied.

*Id.* (quoting *Ferrelli*, 323 F.3d at 201). Where the record before a district court suggests incompetency, the court must "undertake an inquiry into [a pro se litigant's] competency." *Id.* at 675. For example, a court must undertake a competency inquiry where a *pro se* litigant "was previously found incompetent in a recent federal criminal case," was in state custody involuntarily at a psychiatric facility, and showed inappropriate behavior during the court's proceedings. *Id.*

"Standing alone, however, a litigant's bizarre behavior is insufficient to trigger a mandatory inquiry into his or her competency." *Ferrelli*, 323 F.3d at 202.

Here, the Court assumes, for the purposes of this order, that from January 30, 2015, to June 5, 2017, Plaintiff was incompetent. The record in this case does not, however, suggest that any "appropriate court of record or a relevant public agency," *Lewis*, 692 Fed. Appx. at 674, has

again found Plaintiff to be incompetent since the finding of competency on June 5, 2017, or that

he currently is housed in a psychiatric facility,[3] or that he has exhibited any inappropriate

behavior in this case.

The Court therefore finds that a competency inquiry is unnecessary at this juncture and

denies Plaintiff's request for a guardian *ad litem*.

### CONCLUSION

The Court directs Plaintiff to show cause, within 30 days of the date of this order, why

the Court should not issue an order recognizing that Plaintiff is barred under Section 1915(g). A

declaration form is attached to this order.

The Court denies Plaintiff's request for a guardian *ad litem*.

SO ORDERED.

Dated:    May 16, 2022
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[3] Plaintiff is incarcerated at FCI Beckley, "[a] medium security federal correctional institution[.]" www.bop.gov/locations/institutions/bec/.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____                    _____
Executed on (date)                        Signature

_____         _____
Name                                      Prison Identification # (if incarcerated)

_____    _____    _____    _____
Address                              City               State       Zip Code

_____         _____
Telephone Number (if available)           E-mail Address (if available)