UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM SCOTT DAVIS,

                        Plaintiff,

            -against-

DR. AVA TAYLOR PHD; RHONDA
FERGUSON-AGUSTUS; NEW YORK STATE
MENTAL HYGIENE ATTORNEY JANE
DOE'S; WHITE PLAINS HOSPITAL SOCIAL
WORKER JANE DOE; ATTORNEY
RICHARD DOE,

                     Defendants.

20-CV-4610 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated May 16, 2022, the Court directed Plaintiff to show cause, within 30 days of the date of that order, why the Court should not issue an order recognizing that Plaintiff is barred under 28 U.S.C. 1915(g) from prosecuting this action *in forma pauperis* ("IFP"). On June 9, 2022, Plaintiff filed his declaration (ECF 30), and the following day, he filed two motions under Rule 59(e) of the Federal Rules of Civil Procedure, challenging the Court's May 16, 2022, order. (ECF 31, 33.) On June 13, 2022, he filed a notice of interlocutory appeal, also challenging the May 16, 2022, order. (ECF 34.)

The Court liberally construes Plaintiff's Rule 59(e) motions as motions brought under Rule 60(b) of the Federal Rules of Civil Procedure, *see Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (noting that litigants proceeding *pro se* should be afforded liberal construction of their submissions), because Rule 59(e) seeks to alter or amend a judgment, which has not been entered in this case.

After reviewing the arguments in Plaintiff's submissions, the Court denies the motions. The Court also reserves ruling on whether to impose an order recognizing that Plaintiff is barred

under Section 1915(g) until after the United States Court of Appeals for the Second Circuit addresses Plaintiff's interlocutory appeal.

**DISCUSSION**

A.     **The Court retains jurisdiction over this action**

The Court addresses first whether it has jurisdiction to consider Plaintiff's 60(b) motions, in light of Plaintiff's filing of an interlocutory appeal of a nonfinal order. Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). "The divestiture of jurisdiction rule is, however, not a per se rule. It is a judicially crafted rule rooted in the interest of judicial economy, designed 'to avoid confusion or waste of time resulting from having the same issues before two courts at the same time.'" *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (quoting *United States v. Salerno*, 868 F.2d 524, 540 (2d Cir. 1989). For example, the rule "does not apply where an appeal is frivolous[,][n]or does it apply to untimely or otherwise defective appeals." *China Nat. Chartering Corp. v. Pactrans Air & Sea, Inc*., 882 F. Supp.2d 579, 595 (S.D.N.Y. 2012) (citation omitted).

Plaintiff filed a notice of appeal in response to an order directing him to show cause why he is not barred under Section 1915(g). Because Plaintiff is attempting to appeal from a nonfinal order that has not been certified for interlocutory appeal, the notice of appeal is plainly defective. Accordingly, this Court retains jurisdiction over this action. *See, e.g., Rodgers*, 101 F.3d at 252 (deeming a notice of appeal from a nonfinal order to be "premature" and a "nullity," and holding that the notice of appeal did not divest the district court of jurisdiction); *Gortat v. Capala Bros., Inc.*, 07-CV-3629 (ILG), 2008 WL 5273960, at *1 (E.D.N.Y. Dec. 18, 2008) ("An exception . . .

[to the general rule that an appeal deprives a district court of jurisdiction] applies where it is clear that the appeal is defective, for example, because the order appealed from is not final and has not been certified for an interlocutory appeal.").

B.    **The Court denies Plaintiff's Rule 60(b) motions**

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. His motions essentially challenge the finding that Plaintiff is barred under Section 1915(g), not that the Court erred in any way in providing him the opportunity to argue that he is not barred. Therefore, the motions under any of these clauses are denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motions are also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot

circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

C.     **The Court reserves ruling on whether Plaintiff is barred under Section 1915(g)**

The Court, having jurisdiction to decide whether Plaintiff should be recognized as barred, declines to address this issue until after the Court of Appeals resolves Plaintiff's interlocutory appeal, "to avoid confusion or waste of time resulting from having the same issues before two courts at the same time." *Rodgers*, 101 F.3d 251 (citation and internal quotation marks omitted). As noted above, because Plaintiff challenges the finding that he is barred under Section 1915(g) in his interlocutory appeal, the Court of Appeals may address this finding. To avoid any overlapping decisions on this matter, the Court will issue a decision regarding the Section 1915(g) finding, if necessary, following the issuance of the Court of Appeals' mandate.

## CONCLUSION

Plaintiff's motions for reconsideration (ECF 31, 33) are denied.

This action remains open for a ruling on the Court's May 16, 2022, order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.   *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   July 18, 2022
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge