UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

WILLIAM SCOTT DAVIS,

                     Plaintiff,

          -against-

DR. AVA TAYLOR, et al.,

                     Defendants.

20-CV-4610 (LTS)

BAR ORDER UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff files this action *pro se* and seeks to proceed *in forma pauperis* ("IFP"). On May 16, 2022, the Court (1) noted that, while Plaintiff was a prisoner, he had filed three or more cases that were dismissed as frivolous, malicious, or for failure to state a claim, and (2) ordered Plaintiff, within thirty days, to show cause by declaration why he should not be barred under 28 U.S.C. § 1915(g) from filing further actions IFP in this Court while he is a prisoner.

      On June 9, 2022, Plaintiff filed his declaration (ECF 30), and the following day, he filed two motions under Rule 59(e) of the Federal Rules of Civil Procedure, challenging the Court's May 16, 2022, order. (ECF 31, 33.) On June 13, 2022, he filed a notice of interlocutory appeal, also challenging the May 16, 2022, order. (ECF 34.) The Court denied the Rule 59(e) motions (ECF 35) and reserved ruling on whether to impose an order recognizing that Plaintiff is barred under Section 1915(g) until after the United States Court of Appeals for the Second Circuit addressed Plaintiff's interlocutory appeal. Plaintiff then filed seven more motions (ECF 36-39, 42-44), a second declaration (ECF 41), and another interlocutory appeal (ECF 40). On February 15, 2023, the Second Circuit dismissed Plaintiff's appeals. *See Davis v. Taylor*, Nos. 22-1316, 22-1705 (No. 55) (2d Cir. Feb. 15, 2023).

Having reviewed Plaintiff's submissions, the Court finds that he has not shown that he should not be barred under Section 1915(g).

## CONCLUSION

The Court finds that while Plaintiff was a prisoner, he filed three or more cases that are deemed strikes because they were dismissed as frivolous, malicious, or for failure to state a claim. Because Plaintiff has not shown cause why the bar order should not be imposed, Plaintiff is barred from filing future actions IFP in this Court while he is a prisoner unless he is under imminent threat of serious physical injury. The Court warns Plaintiff that the submission of frivolous or nonmeritorious documents may result in the imposition of additional sanctions, including monetary penalties. *See* 28 U.S.C. § 1651.

The Court denies Plaintiff's request to proceed IFP because he does not state facts showing that he is under imminent threat of serious physical injury and dismisses the complaint without prejudice under the PLRA's "three-strikes" rule.[1] *See* 28 U.S.C. § 1915(g).

The Court directs the Clerk of Court to terminate all outstanding motions (ECF 36-39, 42-44).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[1] Plaintiff may commence a new action by paying the filing fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   March 8, 2023
         New York, New York

                                           /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                       Chief United States District Judge