UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM SCOTT DAVIS,

                Plaintiff,

      -against-

DR. AVA TAYLOR, *et al.*,

                Defendants.

20-CV-4610 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff filed this action *pro se*. On March 8, 2023, the Court issued an order recognizing that Plaintiff is barred under 28 U.S.C. § 1915(g) from filing actions *in forma pauperis*, while he is a prisoner, unless he is under imminent threat of serious physical injury, and dismissing this action without prejudice under Section 1915(g). (ECF 49) ("bar order"). The Clerk of Court entered judgment in this action on March 9, 2023. (ECF 50.) On June 2, 2023, Plaintiff filed a motion for reconsideration under Rule 6(d)(3) and Rule 60(b)(1), (3), (4), and (6) of the Federal Rules of Civil Procedure, challenging the bar order. On the same day, he also filed a motion to reopen the time to file a notice of appeal. As discussed in this order, the motion for reconsideration is denied and the motion to reopen the time to file a notice of appeal is granted.

## DISCUSSION

**A.    Motion for Reconsideration under Local Civil Rule 6.3**

      The Court construes Plaintiff's motion brought under Rule 6(d)(3) as brought under Local Civil Rule 6.3, which seeks reconsideration of any order.[1] A motion brought under Local Civil Rule 6.3 must be filed within 14 days "after the entry of the Court's determination of the

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure concerns calculating the time to act after being served.

original motion, or in the case of a court order resulting in a judgment, within . . . (14) days after the entry of the judgment." *Id.*

Plaintiff failed to file this motion within 14 days of the entry of judgmnet. The Court therefore denies Plaintiff's motion under Local Civil Rule 6.3.

**B.     Motion for Reconsideration under Fed. R. Civ. P. 60(b)**

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was

filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

### C.     Motion to Reopen Time to File an Appeal

Plaintiff seeks to reopen the time to file an appeal under Rule 4(a)(6) of the Federal Rule of Appellate Procedure.[2] Rule 4(a)(6) permits a district court to reopen the time to file an appeal for a period of 14 days if three conditions are satisfied.

First, the court must find that "the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry." Fed. R. App. P. 4(a)(6)(a). A party receives notice under Rule 4(a)(6) when the document arrives at the litigant's address, not when it is properly served by the Clerk of Court under Rule 77(d) and Rule 5(b). *Commc'n Network Int'l, Ltd. v. MCI WorldCom Commc'ns., Inc.*, 708 F.3d 327, 333-34 (2d Cir. 2013) ("Rule 4(a)(6) was 'designed to allow a district judge to reopen the time for appeal if notice of the judgment does not arrive—whether the fault lies with the clerk or the Postal Service' and a holding that service equals receipt 'would prevent the rule from serving that function.'"). Plaintiff states that he never received the bar order and the civil judgment, stating that he was "not at FCI Beckley WV, [b]ut Rochester MN." (ECF 53, at 1.) The court's electronic case filing system indicates that the bar order and the civil judgment

---

[2] Plaintiff refers to Rule 24(c)(3) & (5) of the Federal Rules of Civil Procedure, but the applicable rule is Rule 4(a)(6).

were returned to the court on May 9, 2023. The Court therefore finds that Plaintiff did not receive notice of the bar order, which he seeks to appeal.

Second, the motion to reopen "must be filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier." Fed. R. App. P. 4(a)(6)(B). Plaintiff filed the Rule 4(a)(6) motion within 180 days of the date the bar order and the civil judgment were entered.

Finally, the Court must find that "no party would be prejudiced." Fed. R. App. P. 4(a)(6)(C). The Advisory Committee Notes for Rule 4 define "prejudice" for the purposes of Rule 4(a)(6) as "some adverse consequences other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal." Advisory Committee Notes to 1991 Amendments to Federal Rules of Appellate Procedure, Fed. R. App. P. 4(a)(6). The Court finds that no party would be prejudiced by allowing Plaintiff to challenge the bar order.

Accordingly, the Court grants Plaintiff's motion to reopen the time to appeal.

## CONCLUSION

Plaintiff's motion for reconsideration (ECF 52) is denied.

Plaintiff's motion to reopen the time to appeal (ECF 53) is granted. Plaintiff must file the attached notice of appeal within 14 days of the date of this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 25, 2024
          New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-

_____

_____
(List the full name(s) of the defendant(s)/respondent(s).)

_____CV_____ (     )(     )

**NOTICE OF APPEAL**

Notice is hereby given that the following parties: _____

_____
(list the names of all parties who are filing an appeal)

in the above-named case appeal to the United States Court of Appeals for the Second Circuit

from the    ☐ judgment    ☐ order    entered on: _____
(date that judgment or order was entered on docket)

that: _____

_____
(If the appeal is from an order, provide a brief description above of the decision in the order.)

_____                    _____
Dated                                              Signature*

_____
Name (Last, First, MI)

_____   _____   _____   _____
Address                           City         State        Zip Code

_____                    _____
Telephone Number                                   E-mail Address (if available)

*Each party filing the appeal must date and sign the Notice of Appeal and provide his or her mailing address and telephone number, EXCEPT that a signer of a pro se notice of appeal may sign for his or her spouse and minor children if they are parties to the case.  Fed. R. App. P. 3(c)(2).  Attach additional sheets of paper as necessary.

Rev. 12/23/13